FILED

MAY 2 2002

DAVID W. DANIEL, CLERK
US DISTRICT COURT, EDNC
BY ____ DEP. CLERK

|  |  |  |
|---|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, | ) ) ) |  |
| Plaintiff, | ) ) |  |
| v. | ) ) | COMPLAINT |
| FAYETTEVILLE AREA LOCAL 984, AMERICAN POSTAL WORKERS UNION, Defendant. | ) ) ) ) |  |

I

Plaintiff, Secretary of Labor, by and through the United States Attorney for the Eastern District of North Carolina, brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519 et seq., 29 U.S.C. §§ 401, et seq., hereinafter referred to as the Act) as applied to the defendant by the Postal Reorganization Act at 39 U.S.C. § 1209(b).

II

Jurisdiction over this action is conferred upon the Court by section 402(b) of the Act (29 U.S.C. § 482(b)).

III

Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its

SCANNED

principle office at 2606 Raeford Road, Suite 11, City of Fayetteville, County of Cumberland, State of North Carolina, within the jurisdiction of this Court.

IV

Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of sections 3(i), 3(j) and 401(b) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(b)).

V

Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the American Postal Workers' Union hereinafter referred to as the National, a national labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C. § 402(i) and 402(j)).

VI

Defendant, purporting to act pursuant to its Bylaws and the National's Constitution, conducted an election of officers on November 15, 2001, which was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481, et seq.).

VII

By letters dated November 1, 2001, to the defendant's Election Committee, complainants, Benny Smith and Terry

Alston, members in good standing of defendant, protested the defendant's November 15, 2001 election. By letters dated November 8, 2001 to the complainants, the defendant's election committee denied their protests. By letters dated November 12, 2001, to the National Election Appeals Committee, the complainants appealed the decision to the defendant's Election Committee. By letters dated February 14, 2002, to complainants, the National Election Appeals Committee denied their protests. Having exhausted the remedies available under the local's By-laws and the National's Constitution and not receiving a final decision, the complainants, Smith and Alston filed timely complaints with the Secretary of Labor on February 19, and February 22, 2002, respectively, in accordance with section 402(a)(1) of the Act, 29 U.S.C. § 482(a)(1).

### VIII

Beginning on April 11, 2002, defendant failed to respond to numerous demands made by plaintiff on defendant for defendant's secretary-treasurer to appear and provide information for plaintiff's investigation of the defendant's November 15, 2001 election of officers. Consequently, on April 9, 2002, plaintiff served a subpoena ad testificandum upon defendant's secretary-treasurer in accordance with section 601 of the Act, 29 U.S.C. § 521. Defendant also

failed to respond to those demands, thus obstructing plaintiff's investigation of this matter, until April 12, 2002.

IX

Pursuant to section 601 of the Act, (29 U.S.C. § 521), and in accordance with section 402(b) of the Act, (29 U.S.C. § 482(b)), plaintiff investigated the complaints and as a result of the facts shown by her investigation, found probable cause to believe that violations of Title IV of the Act, (29 U.S.C. §§ 481, et seq.), had occurred in the conduct of the election and have not been remedied at the time of the institution of this action.

X

Section 401(g) was violated in the conduct of the defendant's November 15, 2001, election when union property, two letters in the possession of the union president solely because he held that office, were used to promote the candidacy of the incumbent president.

XI

The violations of section 401(c) and (g) of the Act, (29 U.S.C. §§ 481(c) and (g)), found and alleged above may have affected the outcome of the defendant's November 15, 2001, election for the position of President.

WHEREFORE, plaintiff prays for judgment:

(a)  declaring the defendant's November 15, 2001, election of President to be null and void;

(b)  directing the defendant to conduct a new election for President under the supervision of the plaintiff;

(c)  for the costs of this action; and

(d)  for such other relief as may be appropriate.

Respectfully submitted, this 2nd day of May, 2002.

EUGENE SCALIA
Solicitor of Labor

CAROL A. DE DEO
Associate Solicitor

DENNIS A. PAQUETTE
Counsel for Litigation

JAYLYNN K. FORTNEY
Regional Solicitor

TAMBRA LEONARD
Attorney

U.S. Department of Labor
Of Counsel

ROBERT McCALLUM
Assistant Attorney General

FRANK D. WHITNEY
United States Attorney

BY: _____
R. A. RENFER, JR.
Assistant United States Attorney
310 New Bern Avenue
Suite 800 Federal Building
Raleigh, NC 27601-1461
Telephone: (919) 856-4530

Attorneys for Plaintiff